UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MONTECITO ESTATES, LLC, ) No. CV-08-5038-LRS
and PRISCILLA TRUJILLO, )
 )
  Plaintiffs, ) **ORDER OF DISMISSAL**
 )
v. )
 )
CHICAGO TITLE COMPANY, et al., )
 )
  Defendants. )

Plaintiffs, proceeding *pro se* and *in forma pauperis*, have filed a complaint against various Defendants alleging a conversion of real property rights related to certain real estate transactions. In addition to asserting a claim under Washington state law, Plaintiffs assert the actions of the Defendants are actionable under 42 U.S.C. Sections 1983 and 1985 as a violation of Plaintiffs' constitutional due process rights to not be unjustly deprived of property.

The requirements for obtaining relief under Section 1983 are that a plaintiff plead that defendants, acting under color of state law, deprived plaintiff of rights secured by the U.S. Constitution or federal statutes. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). A defendant has acted under color of state law when he or she has "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988), quoting *United States v. Classic*, 313 U.S. 299, 326

**ORDER OF DISMISSAL-**      1

(1941).

The allegations in Plaintiffs' complaint concern wholly private transactions between private parties. There is no allegation that any of the private defendants acted under color of state law in that they exercised power by virtue of state law made possible only because they were clothed with the authority of state law. In general, private parties are not acting under color of state law. *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991). When a private party conspires with state officials to deprive others of constitutional rights, the private party is acting under color of state law. 42 U.S.C. Section 1985(3); *Tower v. Glover*, 467 U.S. 914, 920 (1984). No state officials are named as Defendants in Plaintiffs' complaint. There is no allegation that private parties conspired with state officials. Accordingly, Plaintiffs' complaint fails to state a claim under 42 U.S.C. Sections 1983 and 1985 which can be granted and therefore, must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Without this claim, there is no basis for federal question jurisdiction pursuant to 28 U.S.C. Section 1331 that would allow the court to exercise supplemental jurisdiction over Plaintiffs' state law claim pursuant to 28 U.S.C. Section 1367(a).

This court does not have subject matter jurisdiction to independently entertain Plaintiffs' state law claim. In order to exercise diversity jurisdiction over such a claim pursuant to 28 U.S.C. Section 1332(a), there must be complete diversity between Plaintiffs and the Defendants. All Plaintiffs must be of different citizenship than all Defendants. If a defendant is a citizen of the same state as one of the plaintiffs, there is no federal diversity jurisdiction. *Pullman Co. v. Jenkins*, 305 U.S. 534, 541 (1939). In this case, the allegations of Plaintiffs' complaint reveal that Plaintiffs are citizens of the State of Washington and so are at least several of the named Defendants. Accordingly, dismissal of the state law claim is warranted pursuant to Fed. R. Civ. P. 12(b)(1).

Based on the foregoing analysis, the captioned action is **DISMISSED**

**ORDER OF DISMISSAL-** 2

1 **without prejudice** to Plaintiffs' reassertion of their state law claim in state court, specifically Benton County Superior Court. Plaintiffs' Motion For Appointment Of Counsel (Ct. Rec. 3) is **DENIED** as being moot.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order, provide a copy to Plaintiffs, and **CLOSE** this file.

**DATED** this __8th__ day of July, 2008.

*s/Lonny R. Suko*
LONNY R. SUKO
United States District Judge

**ORDER OF DISMISSAL-** 3